IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY MILLER, | § | |
|    Movant, | § | |
| | § | No. 3:19-cv-1844-L (BT) |
| V. | § | No. 3:13-cr-0431-L (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Anthony Miller filed a *pro se* motion to vacate, set-aside, or correct his federal sentence under 28 U.S.C. § 2255. For the following reasons, the motion should be TRANSFERRED to the Fifth Circuit Court of Appeals.

I.

In 2014, Movant pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); possession with intent to distribute a controlled substance, in violation of 21 U.S.C § 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of § 924(c)(1)(A). The District Court sentenced him to 168 months in prison. Movant did not file an appeal. But on June 24, 2016, Movant filed a § 2255 motion to vacate, set-aside, or correct his sentence. *Miller v. United States*, No. 3:16-cv-1838-L (N.D. Tex.).

1

On October 12, 2017, the District Court dismissed Movant's first § 2255 motion as time-barred.

Movant filed this § 2255 motion on July 25, 2019, and less than one month later, on August 13, 2019, he filed an amended motion, in which he argues: (1) the prosecution failed to disclose evidence favorable to the defense; (2) his arrest was unlawful: (3) his guilty plea was involuntary; (4) he was subjected to an unlawful search and seizure; (5) and his conviction is unlawful under the Supreme Court's recent decisions in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding that under 18 U.S.C. § 922(g) "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"), and *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague).

II

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to

establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before the defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255. Because Movant has failed to show that he obtained permission from the Fifth Circuit to file this successive motion, the motion should be TRANSFERRED to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.

The Court should TRANSFER Movant's successive § 2255 motion to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed September 23, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).